IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SONIA TUCKER, | ) | CASE NO. 1:07 CV 2015 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE McHARGH |
| | ) | |
| MIDDLEBURG-LEGACY PLACE, LLC | ) | **REPORT AND RECOMMENDATION** |
| and JENNIFER LARSEN | ) | |
| | ) | |
| Defendants. | ) | |

On June 5, 2007, Plaintiff Sonia Tucker commenced this action by filing an original *Complaint* in the Court of Common Pleas for Cuyahoga County, Ohio. Plaintiff filed the *Complaint* against Middleburg-Legacy Place ("Middleburg") and one of its employees, Jennifer Larsen, claiming violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, et seq. On July 5, 2007, Defendants filed a *Notice of Removal* in this Court. Plaintiff filed an *Amended Complaint* on July 19, 2007. Pending before the Court is Defendants Middleburg's and Jennifer Larsen's *Motion for Judgment on the Pleadings* pursuant to Fed. R. Civ. P. 12(c). For the reasons set forth below, the Magistrate Judge recommends that the Motion be GRANTED. The Magistrate Judge also recommends that Plaintiff be granted two weeks to file a motion in support of filing an amended complaint to cure the defects identified in this Report and Recommendation.

## I. FACTS

Plaintiff alleges in her *Amended Complaint* that at all times relevant, she was employed by Defendant Middleburg, and was an "eligible employee" within the meaning of 29 U.S.C. § 2611(2). Plaintiff alleges that at all times relevant, Jennifer Larsen was employed by Defendant Middleburg

and Defendants Middleburg and Larsen are "employer[s]" within the meaning of 29 U.S.C. §
2611(4).  Plaintiff alleges the following additional relevant facts in her *Amended Complaint*:

    7.    On or about December 15, 2006, plaintiff commenced an approved medical leave for a serious health condition under the FMLA that prevented her from performing the essential functions of her job.

    8.    At no time following the plaintiff's request for FMLA medical leave, or while Plaintiff was on leave, did defendants provide plaintiff with a written notification of expectations and obligations of the plaintiff while on FMLA leave, and explaining any consequences of a failure to meet these obligations, as required by 29 C.F.R. § 825.301(b).

    9.    Plaintiff had been initially cleared to return to work from her medical leave on January 17, 2007.

    10.    In accordance with defendant's policies and procedures, and as plaintiff understood them, plaintiff was required to obtain a fitness for duty certificate prior to returning to work from her medical leave demonstrating that she was physically able to perform the essential functions of her position.

    11.    On or about January 17, 2007, plaintiff went to her physician for an examination and to obtain a fitness-for-duty certificate demonstrating that she was physically able to perform the essential functions of her position.

    12.    On January 17, 2007, despite having failed to comply with the notice requirements imposed upon it by 29 C.F.R. § 825.301(b), defendants unlawfully terminated plaintiff from her employment for alleged job abandonment.

    13.    At no point did plaintiff abandon her employment.

    14.    The acts and omissions of defendants constitute a violation of the plaintiff's leave and reinstatement rights under the FMLA.

    15.    The acts of defendants were not done in good faith or with a reasonable belief that they were in compliance with the FMLA, thereby entitled Plaintiff to recover liquidated damages in accordance with 29 U.S.C. § 2617(a)(1)(A)(iii).

(Doc. 11.)

In the pending *Motion for Judgment on the Pleadings*, Defendants seek dismissal of all claims against them, contending that Plaintiff has failed to sufficiently allege a violation of the FMLA.

## II. LAW AND ANALYSIS

### A. Legal Standard

A motion for judgment on the pleadings is governed by the same legal standard as a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted. *Almendares v. Palmer*, 284 F. Supp. 2d 799, 802 (N.D. Ohio 2003). The only difference between a Rule 12(c) paper and a Rule 12(b)(6) motion to dismiss is the timing of the motion. *Id.* Thus, as with a motion to dismiss, the Court must test the sufficiency of the complaint and determine whether, "accepting the allegations in the complaint as true and construing them liberally in favor of the plaintiff, the complaint fails to allege 'enough facts to state a claim for relief that is plausible on its face.'" *Ashmus v. Bay Vill. Sch. Dist. Bd. of Educ.*, 2007 U.S. Dist. LEXIS 62208 (N.D. Ohio 2007), *quoting Bell Atlantic Corp. v. Twombly*, *U.S.*, 127 S.Ct. 1955, 1974 (2007). Claims alleged in the complaint must be "plausible," not merely "conceivable." *Id.* Dismissal is warranted if the complaint lacks an allegation pertaining to a necessary element of the claim raised. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990).

In construing the allegations in the *Amended Complaint* liberally and in favor of Plaintiff, it appears she has attempted to raise claims of retaliation or discrimination in violation of the FMLA and wrongful termination in violation of 29 C.F.R. § 825.301(b) & (f).

**B. Retaliation Claim**

Under 29 U.S.C. § 2615(a)(2) & (b), an employer is prohibited from discharging or otherwise retaliating against an employee who has taken FMLA leave.  To establish a prima facie case of retaliation in violation of 29 U.S.C. § 2615(a)(2) & (b), an individual must show that (1) she availed herself of a protected right under the FMLA by giving notice to her employer of her intent to take FMLA medical leave, (2) she suffered an adverse employment action, and (3) there was a causal connection between the exercise of her rights under the FMLA and the adverse employment action. *Edgar v. JAC* Prods., 443 F.3d 501, 508 (6th Cir. 2006); *Skrjanc v. Great Lakes Power Serv. Co.*, 272 F.3d 309, 313-16 (6th Cir. 2001).

In construing the allegations pleaded in a light most favorable to Plaintiff, the Court concludes that she has failed to sufficiently allege a prima facie case of retaliation in violation of the FMLA.  Plaintiff alleged that she was approved for FMLA medical leave which commenced on or about December 15, 2006 and she was initially cleared to return to work on January 17, 2007. (Doc. 11, ¶ 9.)  Plaintiff further alleges that she believed she was required to obtain a fitness-for-duty certificate prior to returning to work demonstrating that she was physically able to perform her job duties. (*Id.* at ¶ 10.)  Plaintiff asserts that she went to her physician to obtain a fitness-for-duty certificate on January 17, 2007, and on that day, Defendants terminated her for alleged job abandonment. (*Id.* at ¶ 11-12.)  Plaintiff asserts that she did not abandon her employment. (*Id.* at ¶ 13.)  Thus, Plaintiff has demonstrated that she availed herself of her protected right to take FMLA medical leave and she subsequently suffered an adverse employment action when she was terminated on January 17, 2007.  However, Plaintiff has failed to sufficiently allege a causal connection between her use of FMLA leave and her termination.

To establish a causal connection between the exercise of an individual's FMLA rights and an adverse employment action, the individual must demonstrate that her use of FMLA leave was a "'significant factor' motivating the retaliatory action." *Dage v. Time Warner Cable*, 395 F. Supp. 2d 668, 675 (S.D. Ohio 2005) (citation omitted).  Although temporal proximity between the exercise of a protected right under the FMLA and the adverse employment action itself is insufficient to establish a causal link, temporal proximity "coupled with other indicia of retaliatory conduct may be sufficient to support a finding of a causal connection." *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 737 (6th Cir. 2006) ("although temporal proximity itself is insufficient to find a causal connection, a temporal connection coupled with other indicia of retaliatory conduct may be sufficient to support a finding of a causal connection"); *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 582 (6th Cir. 2000) ("temporal proximity alone does not support an inference of retaliatory discrimination in the absence of other evidence"); *Nguyen v. City of Cleveland*, 229 F.3d 559, 565 (6th Cir. 2000).

The temporal proximity between Plaintiff's exercise of her right to FMLA medical leave and her termination was notably close.  Indeed, Plaintiff alleged that she was terminated on January 17, 2007—the day she was initially cleared to return to work from her FMLA leave.  However, Plaintiff has failed to allege any other factors in addition to temporal proximity that would support the inference of a causal link.  Plaintiff alleged that she believed she was required to obtain a fitness-for-duty certificate prior to returning to work from her medical leave, but that she was terminated on the day she went to her physician to obtain the fitness-for-duty certificate. (Doc. 11, ¶ 10-12.) Plaintiff's allegation that she believed she was required to obtain a fitness-for-duty certificate is based solely on her subjective belief, and is insufficient to support a causal connection between her use of FMLA

-5-

leave and her termination. Plaintiff has failed to allege any concrete facts demonstrating that Defendants actually required her to obtain a fitness-for-duty certificate or point to any of Middleburg's policies or procedures requiring her to obtain a fitness-for-duty certificate.

As Plaintiff has not alleged facts sufficient to support a causal connection between the exercise of her protected right to FMLA medical leave and her termination, the Court recommends that Plaintiff 's FMLA retaliation claim against Defendants be dismissed.

### C. 29 C.F.R. § 825.301(b) & (f) Claim

Under 29 C.F.R. § 825.301(b), an employer is required to provide an employee taking FMLA leave with written notice detailing the specific expectations and obligations of the employee and explaining any consequences of a failure to meet these obligations. Section 825.301(b) sets forth specific provisions that are required to be set forth in the written notice, including any requirement for the employee to present a fitness-for-duty certificate to be restored to employment. If an employer fails to provide the required written notice, the employer is prohibited under 29 C.F.R. § 825.301(f) from taking action against an employee for failing to comply with any provision required to be set forth in the notice.

Plaintiff alleged in her *Amended Complaint* it was her understanding of Defendants' policies and procedures that she was required to obtain a fitness-for-duty certificate prior to returning to work after FMLA leave. (Doc. 11, at ¶ 10.) Plaintiff alleged that on January 17, 2007, the day she was initially cleared to return to work, she went to her physician to obtain a fitness-for-duty certificate. (*Id.* at ¶ 9, 11.) Plaintiff further alleged that despite the fact that Defendants failed to provide her with the notice required under 29 C.F.R. § 825.301(b), she was terminated on January 17, 2007 for alleged job abandonment. (Doc. 11, at ¶ 12.) Defendants contend that Plaintiff has

-6-

failed to allege facts sufficient to state a claim for relief under 29 C.F.R. § 301(b) & (f).  Defendants assert that Plaintiff was not terminated for taking FMLA leave, but rather, was terminated because she failed to return to work on her scheduled return to work date, January 17, 2007, without notice to Middleburg. (Doc.15, at 3.)  In support of their decision to terminate Plaintiff, Defendants assert that she received a copy of the employee handbook, attached as Exhibit 1 to Defendants' *Answer*, which states that an employee will be considered to have voluntarily resigned if she does not return to work following the conclusion of FMLA leave. (Doc. 15, at 2-3.)  Defendants contend that the obligation to return to work after the conclusion of FMLA leave is not one of the provisions required to be set forth in the written notice under 29 C.F.R. § 825.301(b). (Doc. 15, at 4.)  Defendants maintain that because Plaintiff was not terminated for a failure to comply with any provision required to be set forth in the notice, her termination was not barred by 29 C.F.R. § 825.301(f). (Doc. 15, at 4-5.)  Defendants' arguments are well taken.

To support Plaintiff's claim under 29 C.F.R. § 825.301(b) & (f), Plaintiff must allege that she took approved FMLA leave, Defendants failed to provide her with the written notice required by § 825.301(b), Defendants required her to obtain a fitness-for-duty certificate to be restored to employment, and she was terminated for failing to present a fitness-for-duty certificate at the conclusion of her FMLA leave.  Plaintiff has adequately alleged that she took approved FMLA leave and that Defendants failed to supply the written notice required by 29 C.F.R. § 825.301(b). However, Plaintiff has failed to adequately allege that Defendants required her to obtain a fitness-for-duty certificate and that she was terminated for failing to present this certificate.

The bar on taking action against an employee under 29 C.F.R. § 825.301(f) for failing to present a fitness-for-duty certificate is only triggered if the employer actually required the employee

to present a fitness-for-duty certificate.  Plaintiff alleged that as she understood Middleburg's policies and procedures, she was required to obtain a fitness-for-duty certificate and she was terminated for alleged job abandonment on the day she went to see her physician to obtain this certificate. (Doc. 11, ¶ 10-12.)  As discussed previously, Plaintiff has alleged only a subjective belief that she was required to present a fitness-for-duty certificate and has failed to allege any concrete facts demonstrating Defendants actually required her to obtain a fitness-for-duty certificate or point to any of Middleburg's policies or procedures requiring her to obtain this certificate.  Moreover, Plaintiff has not alleged that she was terminated for failing to present a fitness-for-duty certificate prior to returning to work from her FMLA leave.  Rather, Plaintiff alleged that she was terminated for "alleged job abandonment." (Doc. 11, ¶ 12.)  Plaintiff's *Amended Complaint* states that on the day she was scheduled to return to work from her FMLA leave, she went to her physician to obtain a fitness-for-duty certificate. (*Id.* at ¶ 11.)  There is no suggestion in the *Amended Complaint* that Plaintiff advised Defendants she was visiting her physician on that day or otherwise communicated with Defendants on the day she was scheduled to return to work, January 17, 2007.

Taking the above into account, the Court finds that Plaintiff has failed to sufficiently allege "enough facts to state a claim for relief that is plausible on its face" under 29 C.F.R. § 825.301(b) & (f).  Consequently, the Court recommends that Plaintiff's claim under 29 C.F.R. § 825.301(b) & (f) against Defendants be dismissed.

### III.  DECISION

For the foregoing reasons, the Magistrate Judge recommends that the *Motion for Judgment on the Pleadings* filed by Defendants Middleburg and Larsen be GRANTED.  The Magistrate Judge also recommends that Plaintiff be granted two weeks to file a motion in support of filing an amended

complaint to cure the defects identified in this Report and Recommendation.  The proposed amended complaint should accompany said motion.

s/ Kenneth S. McHargh
Kenneth S. McHargh
United States Magistrate Judge

Date: October 9, 2007

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of mailing of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walter*s, 638 F.2d 947 (6th Cir. 1981).