UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SONIA TUCKER, | CASE NO. 1:07CV2015 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| vs. | OPINION AND ORDER |
| MIDDLEBURG-LEGACY PLACE, LLC AND JENNIFER LARSEN, Defendants. | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Magistrate Judge's Report and Recommendation, recommending the Motion (ECF DKT # 15) of Defendants for Judgment on the Pleadings be granted; and Plaintiff be granted leave "to file a motion in support of filing an amended complaint to cure the defects identified in this Report and Recommendation."  After consideration of the Magistrate Judge's determinations, Plaintiff's Objection and Defendants' Response, and for the following reasons, the Report and Recommendation is ADOPTED IN PART and Plaintiff's Amended Complaint is dismissed.

**I. BACKGROUND**

In her Amended Complaint, Plaintiff Sonia Tucker alleges, at all relevant times, she was employed by Defendant Middleburg, and was an "eligible employee" within the meaning of 29 U.S.C. § 2611(2) of the Family Medical Leave Act.  She also alleges Defendant Middleburg and Defendant Larsen are "employers" within the meaning of 29 U.S.C. § 2611(4) of the Family Medical Leave Act.  Plaintiff's Amended Complaint recites one claim for relief, and alleges specifically:

"7. On or about December 15, 2006, plaintiff commenced an approved medical leave for a serious health condition under the Family and Medical Leave Act that prevented her from performing the essential functions of her job.

8. At no time following the plaintiff's request for Family And Medical Leave Act medical leave, or while plaintiff was on her leave, did defendants provide plaintiff with a written notification of expectations and obligations of the plaintiff while on Family And Medical Leave Act medical leave, and explaining any consequences of a failure to meet these obligations, as required by 29 C.F.R. § 825.301(b).

9. Plaintiff had been initially cleared to return to work from her medical leave on January 17, 2007.

10. In accordance with defendant's policies and procedures, and as plaintiff understood them, plaintiff was required to obtain a fitness-for-duty certificate prior to returning to work from her medical leave demonstrating that she was physically able to perform the essential functions of her position.

11. On or about January 17, 2007, plaintiff went to her physician for an examination and to obtain a fitness-for-duty certificate demonstrating that she was physically able to perform the essential functions of her position.

12. On January 17, 2007, despite having failed to comply with the notice requirements imposed upon it by 29 C.F.R. § 825.301(b), defendants unlawfully terminated plaintiff from her employment for alleged job abandonment.

13. At no point did plaintiff abandon her employment.

14. The acts and omissions of defendants described herein constitute a violation of the plaintiff's leave and reinstatement rights provided to her under the Family And Medical Leave Act.

15. The actions of defendants described herein further were not done in good faith or with a reasonable belief that they were in compliance with the Family and Medical Leave Act, thereby entitling plaintiff to recover liquidated damages in accordance with 29 U.S.C. § 2617(a)(1)(A)(iii)."

(ECF DKT # 11).

On July 31, 2007, Defendants filed their Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c), asserting Plaintiff's job termination did not violate the Family and Medical Leave Act of 1993. According to Defendants, Plaintiff was lawfully terminated when she failed to return as scheduled from leave, without notification to her employer.

## II. LAW AND ANALYSIS

**Standard of Review**

After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is governed by the same legal standard as a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted. *Almendares v. Palmer*, 284 F. Supp. 2d 799, 802 (N.D. Ohio 2003). Therefore, as with a motion to dismiss, the Court must test the sufficiency of the complaint and determine whether, "accepting the

allegations in the complaint as true and construing them liberally in favor of the plaintiff, the complaint fails to allege 'enough facts to state a claim for relief that is plausible on its face.'" *Ashmus v. Bay Vill. Sch. Dist. Bd. of Educ.*, 2007 U.S. Dist. LEXIS 62208 (N.D. Ohio 2007), *quoting Bell Atlantic Corp. v. Twombly*, U.S., 127 S.Ct. 1955, 1974 (2007). Claims alleged in the complaint must be "plausible," not merely "conceivable." *Id.* Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised. *Craighead v. E.F. Hutton & Co.*, 899 F. 2d 485 (6th Cir. 1990).

**29 C.F.R. § 825.301(b) and (f)**

Under 29 C.F.R. § 825.301(b), an employer is required to provide an employee taking family medical leave with written notice detailing the specific expectations and obligations of the employee and explaining any consequences of a failure to meet these obligations. Section 825.301(b) identifies those items required to be set forth in a written notice, including any requirement for the employee to present a fitness-for-duty certificate to be restored to employment. If an employer fails to provide the required notice, the employer is prohibited under 29 C.F.R. § 301(f) from taking action against an employee for failing to comply with any provision required to be set forth in the notice.

For a claimed violation of 29 C.F.R. § 825.301(b) and (f), Plaintiff Sonia Tucker must allege (1) she took approved family medical leave; (2) Defendants Middleburg and Larsen failed to provide her with the required written notice; (3) Defendants required her to obtain a fitness-for-duty certificate to be restored to employment; and (4) Plaintiff was terminated for failing to present a fitness-for-duty certificate at the conclusion of her leave.

Plaintiff Tucker has adequately alleged she took approved family medical leave,

commencing December 15, 2006. She also has alleged Defendants failed to comply with the written notice requirements of 29 C.F.R. § 825.301(b).

However, Plaintiff has not made the plausible allegation that Defendants required her to obtain a fitness-for-duty certificate. At ¶ 10 of her Amended Complaint, Plaintiff alleges only: "In accordance with defendant's policies and procedures, and as plaintiff understood them, plaintiff was required to obtain a fitness-for-duty certificate prior to returning to work from her medical leave demonstrating that she was physically able to perform the essential functions of her position." Plaintiff has alleged her subjective belief or unilateral understanding that she was required to present a fitness-for-duty certificate. She has not alleged any concrete facts demonstrating Defendants required this of her either orally or in writing.

Plaintiff has further failed to allege she was terminated for failing to present the fitness-for-duty certificate. In ¶ 12 of her Amended Complaint, Plaintiff alleges, "defendants unlawfully terminated plaintiff from her employment for *alleged job abandonment*." (Emphasis added). She does not allege her employment was terminated for failure to provide a fitness-for-duty certificate. Plaintiff clearly alleges she "had been initially cleared to return to work from her medical leave on January 17, 2007." (Amended Complaint at ¶ 9). She did not return to work on that date. Rather, she went to her physician on that day to be examined and to obtain a fitness-for-duty certificate. (Amended Complaint at ¶ 11). Nowhere does Plaintiff indicate she advised Defendants of the doctor's appointment, or otherwise communicated with Defendants on the date of her scheduled return. As the Magistrate Judge noted, the provision in 29 C.F.R. § 825.301(f), barring employer action against an employee

for failure to present a fitness-for-duty certificate "is only triggered if the employer *actually required* the employee to present a fitness-for-duty certificate."  (Emphasis added). Plaintiff's Amended Complaint falls short of the plausibility standard set in *Twombly*, *supra*, since she never alleges a fitness-for-duty certificate was required by Defendants, and since her own pleading identifies the reason for her termination as job abandonment.  Her Amended Complaint, therefore, lacks  factual recitations supporting at least one key element of her claim under 29 C.F.R. § 825.301.

### III. CONCLUSION

Accepting all of the allegations in the Amended Complaint as true, and construing them liberally in Plaintiff's favor, the Court finds Plaintiff Sonia Tucker has nonetheless failed to sufficiently allege "enough facts to state a claim for relief that is plausible on its face" under 29 C.F.R. § 825.301(b) and (f).  Therefore, the Report and Recommendation of the Magistrate Judge is ADOPTED IN PART and the Amended Complaint is dismissed. There will be no amendment of the pleadings permitted; and, consequently, Defendants' Motion (ECF DKT #23) to Stay Discovery and For Protective Order is overruled as moot.

**IT IS SO ORDERED.**

**DATE: 11/05/07**

 S/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**